| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------------------------------X<br>In re:<br><br>NANCY C. ARMSTRONG,<br><br>                               Debtor.<br>--------------------------------------------------------X | Firm Tax ID #11-2671938<br><br><br>Chapter 13<br><br>Case No.: 09-70716-reg |

## MEMORANDUM OF LAW

Michael J. Macco, Standing Chapter 13 Trustee and Trustee of the Bankruptcy estate of Nancy C. Armstrong, submits this Memorandum of Law in response to the Debtor's Affidavit dated April 15, 2009, seeking an Order dismissing this Chapter 13 proceeding.

## STATEMENT OF FACTS

This Proceeding was commenced by the Debtor filing a voluntary petition for relief under chapter 13 of the Bankruptcy Code on February 6, 2009 (the "Filing Date"). Michael J. Macco, Esq. (the "Trustee") was subsequently appointed Chapter 13 Trustee of the Debtor's estate and the Debtors confirmation hearing was schedule for April 16, 2009. The petition and schedules filed by the Debtor indicate that as of the Filing Date, the Debtor had an ownership interest in the real property located at 16 Wenwood Drive, Brookville, New York. (the "Premises"), as a "Tenant by the Entirety". It is clear from the petition, schedules and proposed chapter 13 plan filed in this proceeding, that the Debtor filed this proceeding due to a pending foreclosure action relating to the Premises. The Debtor's §341 meeting was held on March 16, 2009 at which time the Trustee requested that the Debtor provide all mandatory disclosure by March 26, 2009. Due to

the fact that the Debtor failed to provide the same, the Trustee filed a motion to dismiss this proceeding dated March 31, 2009. The return date of the motion was April 16, 2009.

Subsequent to filing the motion to dismiss, the Trustee discovered, through third parties, that the Debtor was in contract to sell the Premises. Upon information and belief, the contract is neither subject to the approval of the Trustee, nor the Bankruptcy Court. The Trustee does not know whether the contract was negotiated or signed prior to the § 341 meeting. However, the Debtor's pending motion to voluntarily dismiss this case was only made after the Trustee contacted the Debtor's counsel with the information of the contract to sell the Premises. At the confirmation hearing, the Debtor, by her attorney, claimed that Debtor may have an absolute right to dismiss her bankruptcy proceeding, no matter what the circumstances. The Trustee maintains that a debtor who engages in bad faith conduct and/or abuse of the process, during the Chapter 13 proceeding, does not have the absolute right to dismiss his or her bankruptcy proceeding and that the Debtor's attempt to sell property of the bankruptcy estate without the approval of this Court is tantamount to bad faith conduct which should preclude the Debtor from having the absolute right to dismiss her Chapter 13 proceeding.

**A CHAPTER 13 DEBTOR'S RIGHT TO DISMISS UNDER §1307(b) IS NOT ABSOLUTE, BUT IS SUBJECT TO REVIEW FOR BAD FAITH**

Although, § 1307(b) of the Bankruptcy Code provides a Debtor with a right to dismiss his or her bankruptcy proceeding, this right is not absolute. In order for a Debtor to take advantage of the right to dismiss afforded by § 1307(b), that Debtor must be free of behavior which constitutes bad faith and/or abuse of the bankruptcy process. To the extent a Debtor does engage in conduct which constitutes bad faith and/or abuse of

process, a court is within its authority to deny the Debtor's motion to dismiss his or her bankruptcy proceeding under §1307(b).

§1307, Conversion or Dismissal provides:

(b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of the creditors and the estate, for cause…

The United States Court of Appeals for the Second Circuit has previously concluded that § 1307(b) affords a Chapter 13 Debtor "an absolute right to dismiss a Chapter 13 petition, subject only to the limitation set forth in that section-namely, that the case must not 'have been converted under section 706, 1112, or 1208 of [Title 11]." *See, In re Barbieri*, 199 F.3d 616, 620 (2d Cir. 1999).  However, the United States Supreme Court's recent decision in *Marrama v. Citizens Bank of Massachusetts, et al.*, 549 U.S. 365 (2007) calls the holding and analysis contained in *Barbieri* into question and supports the Trustee's position that the Debtor's right to dismiss under §1307(b) is not absolute in all cases.

In *Marrama*, the Supreme Court dealt with the issue of whether a debtor's right to covert a case under §706(a) was absolute. §706, Conversion, in pertinent part, provides:

(a) The Debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

After analyzing the statue and reviewing various decisions from the Circuits relating to this issue, the Supreme Court concluded that there was a bad faith exception to a Debtor's right to convert his or her case. "While other Courts of Appeals and bankruptcy appellate panels have refused to recognize any "bad faith" exception to the conversion right created by § 706(a), (citation omitted), we conclude that the courts in this case correctly held that Marrama forfeited his right to proceed under Chapter 13." *See, Marrama,* 549 U.S. at 371.

In recognizing a limited exception for Debtors who file and/or proceed in their cases in bad faith, the Court stated that "[t]he Class of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13 includes the vast majority of the hundreds of thousands of individuals who file Chapter 7 petitions each year." *See Marrama* at 1111. Thus, the Court conditioned a debtor's right to convert upon that debtor's conduct in the proceeding. To the extent a debtor conducts himself in a manner that the court deems to be bad faith or abuse of the process, that debtor loses his right to convert. "Congress gave 'honest but unfortunate debtor[s]' (citations omitted) the chance to repay their debts should they acquire the means to do so…" *See Marrama* at 1106. "Thus, the Court held that bankruptcy judges had the power to differentiate between 'the vast majority' 'of honest but unfortunate debtors who do possess an absolute right to convert their cases from Chapter 7 to Chapter 13' and 'the atypical litigant who has demonstrated that he is not entitled to the relief available to the typical debtor'." *See, In the Matter of Rosson*, 545 F.3d 764 (9th Cir. 2008) (citing *Marrama* 127 S.Ct. at 1111).

Subsequent to Supreme Court's holding in *Marrama,* the United States Court of Appeals for the Ninth Circuit recognized that the decision in *Marrama* changed that Circuit's jurisprudence with respect to the issue now before this Court in *In the Matter of Rosson*, 545 F.3d 764 (9th Cir. 2008). Prior to the *Marrama* decision, and much like the Second Circuit's decision in *Barbieri,* the bankruptcy appellate panel for the Ninth Circuit, in *In re Beatty*, 162 B.R. 853 (9th Cir.BAP 1994), had held that a Debtor had an absolute right to dismiss a chapter 13 proceeding under § 1307(b). The Ninth Circuit bankruptcy appellate panel had similarly held that a debtor had an absolute right to convert a case under §706(a) in the case of *In re Croston,* 313 B.R. 447 (9th Cir.BAP 2004). Clearly, in the aftermath of *Marrama*, *Croston* is no longer good law. However, until *Rosson*, there remained an open issue as to how *Marrama* impacted the question of whether a Debtor possesses an absolute right to dismiss his or her Chapter 13 proceeding under § 1307(b).

In *Rosson*, the Court of Appeals for the Ninth Circuit, revisited the bankruptcy appellate panel's decision in *Beatty*, and held that "after *Marrama v. Citizens Bank of Massachusetts,* (citations omitted), a debtor's right to voluntarily dismiss a Chapter 13 case under § 1307(b) is not absolute, but is qualified by an implied exception for bad-faith conduct or abuse of the bankruptcy process." *Rosson,* at 767. In its decision, the Ninth Circuit recognized the split of authority among the circuits with respect to the "absolute" nature of the right to dismiss a Chapter 13 case under § 1307(b). After a thorough analysis of these conflicting decisions, the Ninth Circuit concluded that "after *Marrama*, however, the "**absolute right"** position is no longer viable." *Id.* at 772.

Part of the Ninth Circuit's analysis in *Rosson*, involved a review of the holdings and analysis in *Croston* and *Beatty*. In those decisions, the BAP for the Ninth Circuit had recognized that the text of §706(a) is indistinguishable from the parallel language of §1307(b) and the Court of Appeals for the Ninth Circuit concluded therefrom, that the "analysis of the **absolute** nature of §1307(b) applies to the question under §706(a)." *Rosson*, 545 F.3d at 773. Thus, even though the Supreme Court dealt with a different section of the Code in *Marrama*, the Ninth Circuit concluded that since the statutory language of both §§ 706(a) and 1307(b) were so closely related, *Beatty* was also no longer good law. *See Rosson,* at 773 (concluding that "although *Marrama* did not address the exact issue decided in *Beatty*, it is clear that after *Marrama*, *Beatty* is no longer good law, insofar as it holds that a Chapter 13 debtor has an absolute right to dismiss under §1307(b)").

Other courts have reached the same conclusion since *Marrama. See, In re Letterese*, 397 B.R. 507 (Bankr. S.D. Fla. 2008)(concluding "[c]ourts which have considered the issue since the Supreme Court's ruling in *Marrama* have held that this requisite good faith conduct prevents a bad faith debtor in chapter 13 from having an absolute right to dismiss under section 1307(b)." *Letterese* at 512); and *In re Chabot*, 2009 WL 981046 (Bankr.D.Mont. 2009)(holding that the right to dismiss under § 1307(b) is no longer absolute, but rather is qualified by an implied exception for bad-faith conduct or abuse of the bankruptcy process).

Additionally, courts which have addressed this issue with respect to § 1208(b) have held that a debtor does not possess an absolute right to dismiss a Chapter 12

proceeding. § 1208(b) reads exactly the same as §1307(b) except for the reference to cases which have been previously converted under §1208, it provides:

> On request of the debtor at any time, if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

When the United States District Court for the Southern District of Georgia analyzed § 1208(b) of the Bankruptcy Code, subsequent to the Supreme Court's decision in *Marrama*, the Court concluded that § 1208(b) did not afford a debtor an absolute right to dismiss. *See, In re Williamson*, 2009 WL 562238, (S.D. Ga. 2009) (holding that §1208(b) did not afford a debtor an absolute right to dismiss a Chapter 12 proceeding and affirming the bankruptcy court's conversion of the proceeding based upon debtors bad faith and attempt to manipulate the bankruptcy process.)

Moreover, courts have long recognized the parallels between §§ 1307(b), 706(a) and 1208(b), not only in the text of the provisions themselves but also, in how they are treated procedurally by the Bankruptcy Rules. All three of the aforementioned require a motion to be filed and served in order to obtain the relief sought. Bankruptcy Rule 1017, Dismissal or Conversion of Case; Suspension, provides, in pertinent part:

> (f) Procedure for dismissal, conversion, or suspension
>
> (2) Conversion or dismissal under §§ 706(a), 1112(a), 1208(b), or 1307(b) shall be on motion filed and served as required by Rule 9013.

As the bankruptcy Court for the Eastern District of New York recognized in its analysis of § 706(a) and whether the same provides a Debtor an absolute right to convert,

> why must a debtor seek conversion by a motion if not to attempt by persuasion to move the court to so permit? (citations omitted) 'for, if conversion under § 706(a) must be allowed no matter what the circumstances, then no purpose would be served by motion and order…'. Since a motion must be made and approved by the Court, then a court must consider in its decision to permit or deny the possibility of abuse; prejudice to other parties or creditors; the eligibility to be a Debtor under the converted section of the code; and all the circumstances generally…

See *In re Marcakis*, 254 B.R. 77, 82 (Bankr. E.D.N.Y. 2000)(distinguishing the Second Circuit's analysis in *Barbieri* and holding that §706(a) of the Bankruptcy Code does not provide a debtor with an absolute right to convert.) As the Eastern District of New York has pointed out, there is no reason to file, serve and have a court consider a motion if the relief being sought by the debtor is absolute. As Bankruptcy Rule 1017(f) states, it is applicable to §§ 706(a), 1307(b) and 1208(b) thus, the analysis must be the same under each of the statutes to which Rule 1017(f) applies.

Finally, it is respectfully submitted that courts which have concluded that a Debtor does have an absolute right to dismiss, have gone through pains to distinguish the language of §706(a) from that of §1307(b). It is further submitted that the cases which have found there to be a difference in the language are based upon a flawed analysis. The statutes, when read as a whole, are virtually identical. Many of the cases which focus on the permissive nature of "may", used on §706(a), as opposed to the directive or commanding language of "shall", used in §1307(b), fail to take into account the noun or entity upon which each verb modifies is a different party. Thus, to conclude that one statue grants a debtor an absolute right, even in the face of bad faith conduct or conduct which is deemed to be an abuse of process, while the other statute does not, is not only

inconsistent within the text of the Bankruptcy Code and the Bankruptcy Rules, but it also flies in the face of the Supreme Court's decision in *Marrama*.

Thus, where courts have reviewed statutory language similar to, and virtually the same as § 1307(b), they have found that a Debtor does not possess an absolute right to convert or dismiss a proceeding where the debtor has proceeded in bad faith. Thus, the Debtor's right to dismiss her Chapter 13 proceeding is not absolute but is subject to this Court's review for bad faith and/or abuse of the bankruptcy process.

## §105 AUTHORIZES BANKRUPTCY COURTS TO REVIEW A MOTION TO DISMISS BY A CHAPTER 13 DEBTOR FOR BAD FAITH

Furthermore, § 105 of the Bankruptcy Code grants this Court with the power to prevent a debtor from proceeding in bad faith and to prevent abuse of the bankruptcy process.

§ 105. Power of the Court.

> (a) The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent abuse of process.

"Moreover, §105 of the Bankruptcy Code specifically 'authorizes the bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code,' (citations omitted). It is interpreted liberally, (citations omitted), and while that certainly 'does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute

a roving commission to do equity,' neither can an approach be justified which effectively writes §105(a) out of the Bankruptcy Code. *See, In re Jacobsen*, 378 B.R. 805 (Bankr. E.D.Tex. 2007)(concluding that debtor's bad faith should be considered when the court is faced with a motion to dismiss under §1307(b); and, *In re Williamson*, at page 4 (citing *In re Graven,* 936 F.2d 378 (8$^{th}$Cir. 1991) and concluding that the overall purpose of the bankruptcy code is "to protect the honest debtor, not to provide a shield for those who exploit the code's protection then seek to escape judicial authority when their fraudulent schemes are exposed" *Id.*). Furthermore, every federal court may exercise the inherent power to sanction "abusive litigation practices". See *Marrama*, at 376 (citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980).

Thus, this Court has the power, under § 105, to deny the Debtor's motion to dismiss her Chapter 13 proceeding based upon her bad faith conduct and to avoid abuse of the bankruptcy process.

WHEREFORE, it is respectfully submitted that the Debtor's right to dismiss her Chapter13 proceeding is not absolute and this Court should deny the Debtor's motion for bad faith and/or abuse of process and convert the case to one under Chapter 7 of the Bankruptcy Code.

                                                                   _____
Michael J. Macco, Chapter 13 Trustee
135 Pinelawn Road – Suite 120 South
Melville, New York 11747
(631) 549-7900

STATE OF NEW YORK    )
COUNTY OF SUFFOLK   )  ss.:

     MARY E. FERRO, being duly sworn, deposes and says:  I am not a party to the action, I am over 18 years of age and I reside at Suffolk County, New York.

     On May 5, 2009, I served the within:

## MEMORANDUM OF LAW

upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of same, enclosed in a certified return receipt post-paid properly addressed wrapper in an official depository under the exclusive care and custody of United States Postal Service within the State of New York

Office of the United States Trustee
Long Island Federal Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

Ronald D Weiss, Debtor's Attorney
734 Walt Whitman Road
Suite 203
Melville, NY 11747

Nancy C. Armstrong, Debtor
16 Wenwood Drive
Brookville, NY 11545

                                             */s/ Mary E. Ferro*
                                             MARY E. FERRO

Sworn to before me this
 5th day of May, 2009

*/s/ Maureen Miller*_____
Notary Public

 Maureen Miller
Notary Public, State of New York
No. 01MI6152755
Qualified in Suffolk County
Commission Expires September 18, 2010