UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

    Nancy C. Armstrong

                                    Debtor.

--------------------------------------------------------X

Case No. 09-70716-reg

Chapter 13

# BRIEF OF AMICUS CURIAE

| | |
|---|---|
| *On the Brief:* | LESTER & ASSOCIATES, P.C.<br>600 Old Country Road, Suite 229 |
| Roy J. Lester | Garden City, NY 11530<br>(516) 357-9191 |

1

## TABLE OF CONTENTS

                                                                                                          page

I.      TABLE OF CASES .................................................................... 3

II.     STATEMENT OF INTEREST OF LESTER & ASSOCIATES, P.C. .......... 5

III.    ISSUE................................................................................... 5

IV.    ARGUMENT.......................................................................... 6

            A. The Statutory Language................................................ 6

            B. The Plain Meaning Doctrine.......................................... 6

            C. Legislative History...................................................... 8

            D. Cases...................................................................... 9

                    (a) Right to dismiss is absolute......................................9

                    (b) Right to dismiss is absolute in the Second Circuit............ 10

                    (c) Right to dismiss is not absolute................................. 12

                    (d) Marrama is not dispositive....................................... 15

V.      CONCLUSION........................................................................ 18

# I. TABLE OF CASES

**Case**          **page**

Anderson v. Yungkau,
329 U.S. 482, 91 L. Ed. 436, 67 S. Ct. 428 (1947).................................................. 11, 17

Daniel v. Am. Bd. of Emergency Med.,
428 F.3d 408, 423 (2d Cir. 2005)............................................................................ 8

Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,
530 U.S. 1, 120 S. Ct. 1942, 147 L. Ed. 2d 1 (2000)............................................... 6

In re Barbieri,
199 F.3d 616 (2d Cir. 1999)................................................................. 7, 9, 10, 11, 12, 14, 15, 17

In re Beatty,
162 B.R. 853 (B.A.P. 9th Cir. 1994)....................................................................... 9, 16, 17

In re Campbell,
2007 Bankr. LEXIS 4159, 2007 WL 4553596 (Bankr. N.D.W. 2007).............. 9, 17

In re Cobb,
2000 U.S. Dist. LEXIS 198 (E.D. La. 2000)........................................................... 15

In re Croston,
313 B.R. 447 (B.A.P. 9th Cir. 2004)....................................................................... 16, 17

In re Davis,
2007 Bankr. LEXIS 1751 at *5 (Bankr. M.D. Fla. 2007)....................................... 17

In re Dulaney,
285 B.R. 10 (D. Colo. 2002).................................................................................... 9

In re Gaudet,
132 B.R. 670 (D.R.I. 1991)..................................................................................... 13, 14

In re Graffy,
216 B.R. 888 (Bankr. M.D. Fla. 1998).................................................................... 15

In re Graven
936 F.2d 378, 385 (8th Cir. Mo. 1991).................................................................... 12, 13

In re Greenberg,
200 B.R. 763, 768 (Bankr. S.D.N.Y. 1996)............................................................ 8, 15

In re Harper-Elder,
    184 B.R. 403 (Bankr. D.D.C. 1995)............................................................. 7, 10, 14

In re Hearn,
    18 B.R. 605 (Bankr. D. Neb. 1982).................................................................. 8, 15

In re Molitor,
    76 F.3d 218 (8th Cir. 1996)......................................................................... 12, 14, 15

In re Nash,
    765 F.2d 1410 (9th Cir. 1985)............................................................................... 9

In re Patton,
    209 B.R. 98, 101 (Bankr. E.D. Tenn. 1997)............................................................ 10, 14

In re Polly,
    392 B.R. 236 (Bankr. N.D. Tex. 2008)...................................................................... 9, 18

In re Rebeor,
    89 B.R. 314 (Bankr. N.D.N.Y. 1988)........................................................................ 10

In re Rosson,
    545 F.3d 764 (9th Cir. 2008)................................................................................ 15, 16, 17

In re Tatsis,
    72 B.R. 908 (Bankr. W.D.N.C. 1987)...................................................................... 13

In re Whitmore,
    225 B.R. 199 (Bankr. D. Idaho 1998)...................................................................... 9

Lamie v. U.S. Trustee,
    540 U.S. 526, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004)................................... 6, 7

Lexecon Inc. v. Milberg Weiss Bershard Hynes & Lerach,
    523 U.S. 26, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998)................................... 7

Marrama v. Citizens of Massachusetts
    549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007)................................... 15, 16, 17
                                                                                                                           18

Toibb v. Radloff,
    501 U.S. 157, 111 S. Ct. 2197, 115 L. Ed. 2d 145 (1991)................................... 18

United States v. Ron Pair Enters., Inc.,
    489 U.S. 235, 109 S. Ct. 1026, 103 L. Ed. 2d 290........................................ 6

## II. STATEMENT OF INTEREST OF LESTER & ASSOCIATES, P.C.

LESTER & ASSOCIATES, P.C. ("L&A") is a law office in Garden City, New York, representing debtors in bankruptcy proceedings before the Bankruptcy Court for the Eastern District of New York.

L&A has a vital interest in the outcome of this case. L&A primarily represents individuals. Voluntary dismissal is a contingency in bankruptcy cases, including those filed under Chapter 13 of the Bankruptcy Code.

The issue of whether or not the right to dismiss a Chapter 13 petition is absolute has been considered by the courts with different results. It is well-settled in the Second Circuit, however, that the debtor's right to dismiss a Chapter 13 case is absolute. See In re Barbieri, 199 F.3d 616, 620 (2d Cir. 1999). Notwithstanding the mandatory precedent in this Circuit, this case affords an opportunity to address what appears to be a split of authority regarding this essential right contemplated in the Bankruptcy Code.

## III. ISSUE

Whether the debtor has an absolute right to dismiss the chapter 13 case under 11 U.S.C. § 1307(b) of the Bankruptcy Code.

## IV. ARGUMENT

### A.  The Statutory Language

Section 1307(b) of the Bankruptcy Code states that:

> On the request of the debtor **at any time**, if the case has not been converted under section 706, 1112, or 1208 of this title, the court **shall** dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C. § 1307(b) (emphasis added).

### B.  The Plain Meaning Doctrine

When interpreting the language of the Code, the Supreme Court has stated that the "plain meaning" of the legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters". See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242, 109 S. Ct. 1026, 103 L. Ed. 2d 290.

In Lamie v. U.S. Trustee, 540 U.S. 526, 534-535, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004), the Supreme Court held that although a sentence in a statute may be awkward, it still must be interpreted in accordance with its plain meaning so long as its meaning is straightforward and adopting the plain meaning does not lead to an absurd result. See Lamie 540 U.S. at 534 (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6, 120 S. Ct. 1942, 147 L. Ed. 2d 1 (2000) ("It is well established that when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms"). The Supreme Court held that a statute may be awkward, ungrammatical, and contain surplusage and still be fit for judicial enforcement. See Lamie, 540 U.S. at 534-36.

The Lamie court reasoned: "We should prefer the plain meaning [of the statute] since that approach respects the words of Congress. In this manner we avoid the pitfalls that plague too quick a turn to the more controversial realm of legislative history". 540 U.S. at 536.

There is no apparent ambiguity in 11 U.S.C. § 1307(b). The Supreme Court has stated that "the mandatory 'shall'... normally creates an obligation impervious to judicial discretion". Lexecon Inc. v. Milberg Weiss Bershard Hynes & Lerach, 523 U.S. 26, 35, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998).

Black's Law Dictionary defines "shall" to mean "[h]as a duty to; more broadly, is required to". BLACK'S LAW DICTIONARY 1379 (7th ed. 1999). Thus, the word "shall" is used in 11 U.S.C. § 1307(b) to require action by the court, or in this case to mean that the court has a duty to dismiss a chapter 13 case upon the request of the debtor.

In addition, there appears to be no ambiguity in the words "at any time". If Congress intended to limit a debtor's right to dismiss under 11 U.S.C. § 1307(b) under certain circumstances, it would have said so. In fact, it did so to prescribe that the right to dismiss is only subject to the case not having been converted under 11 U.S.C. § 706, 1112, or 1208. 11 U.S.C. § 1307(b). Because no other limitation was imposed, there is no basis for restricting the plain meaning of the language "at any time".

Furthermore, application of 11 U.S.C. § 1307(b) in accordance with its plain meaning does not lead to an absurd result or one "demonstrably at odds" with congressional intent. Chapter 13, unlike Chapter 7 or 11, was intended by Congress to be purely voluntary. See, In re Barbieri, 199 F.3d 616, 620 (2d Cir. 1999)(citing In re Harper-Elder, 184 B.R. 403, 408 (Bankr. D.D.C. 1995)). When in 2005 Congress amended the Bankruptcy Code (in an amendment largely viewed as an effort to discourage the dishonest

debtor), section 1307 was slightly amended in certain aspects, but the absolute right to dismissal provided for in that statute was not modified. There is no absurdity in construing 11 U.S.C. § 1307(b) to give a chapter 13 debtor the right to dismiss his or her case at any time and even against the will of other parties.

### C. Legislative History

Well-settled principles of statutory interpretation permit courts to examine legislative history only when the statute is ambiguous. See Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 423 (2d Cir. 2005) (citations omitted) ("[o]nly if we discern ambiguity do we resort... to canons of statutory construction... [and] to legislative history"). As noted above, the applicable statute shows no ambiguity.

In any event, the legislative history of 11 U.S.C. § 1307 supports the construction of the right to dismiss under 11 U.S.C. § 1307(b) as an absolute one. As stated in the relevant House Report, "[s]ubsection (b) requires the court, on request of the Debtor, to dismiss the case if the case has not already been converted from Chapter 7 or 11". H.R. REP. NO. 95-598, at 428 (1977). Similarly, the Senate Report indicates that section 1307(b) confirms "without qualification, the rights of a Chapter 13 debtor to... have the Chapter 13 case dismissed". S. REP. NO. 95-598, at 141 (1978). This language "without qualification" indicates the legislative intent that chapter 13 be purely voluntary.

"Legislative history reinforces a mandatory reading of sub-section (b)". In re Hearn, 18 B.R. 605, 606 (Bankr. D. Neb. 1982). "If Congress intended to limit the absolute right to dismiss in such cases, it knew how to express this limitation. Section 1307(b) denies the debtor an absolute right to dismiss if the case was previously converted under sections 706, 1112 or 1208". In re Greenberg, 200 B.R. 763, 768 (Bankr. S.D.N.Y. 1996).

8

Other than prescribing that dismissal is not proper in cases of prior conversions, no limitations were imposed by Congress.

### D. Cases

#### (a) Right to dismiss is absolute

Most courts that have considered the question have adopted the same plain meaning approach and concluded that 11 U.S.C. § 1307(b) provides a debtor with an absolute right to dismiss his or her case. See, e.g., In re Barbieri, 199 F.3d at 619 ("a debtor has an absolute right to dismiss a Chapter 13 petition under 11 U.S.C. § 1307(b), subject only to the limitation explicitly stated in that provision"); In re Beatty, 162 B.R. 853, 857 (B.A.P. 9th Cir. 1994) ("The better reasoned view is that a court must dismiss the case upon the debtor's request for dismissal under section 1307(b) if that request is made prior to the effective time of an order converting the case to Chapter 7"); In re Nash, 765 F.2d 1410 (9th Cir. 1985) (stating in another context that a Chapter 13 debtor has an absolute right to dismiss his case); In re Polly, 392 B.R. 236, 248 (Bankr. N.D. Tex. 2008) ("section 1307(b) provides a chapter 13 debtor with an absolute right to dismiss his or her case at any time, even if a motion to convert the case to a chapter 7 is pending"); In re Campbell, 2007 Bankr. LEXIS 4159, 2007 WL 4553596 (Bankr. N.D.W. Va. Dec. 18, 2007) ("even in the presence of alleged fraudulent or bad faith conduct, a debtor has an absolute right to dismiss a Chapter 13 case"); In re Dulaney, 285 B.R. 10, 15 (D. Colo. 2002) ("language, history and purpose of 11 U.S.C. § 1307(b) are clear: a Chapter 13 debtor has the absolute right to the case's dismissal at any time unless the case had previously been converted from Chapter 7 or 11"); In re Whitmore, 225 B.R. 199, 200 (Bankr. D. Idaho 1998) ("when the court is faced with two competing motions, one the debtor's under § 1307(b) and the other

9

under § 1307(c), the court must give effect to the debtor's motion so long as the requirements of § 1307(b) have otherwise been met"); In re Patton, 209 B.R. 98, 101 (Bankr. E.D. Tenn. 1997) ("[h]olding that a debtor has an absolute right to dismiss comports with the policy behind the voluntary nature of Chapter 13, which dictates that no one should be required to work for a creditor") (citations omitted); In re Harper-Elder, 184 B.R. at 408 ("the debtor's absolute right to dismiss her chapter 13 petition is directly in harmony with the purpose of chapter 13"); In re Rebeor, 89 B.R. 314, 322 (Bankr. N.D.N.Y. 1988) (a debtor has "an absolute right to dismiss his Chapter 13 at any time, notwithstanding the presence of competing motions").

A leading commentator also adopted this view. See 8 COLLIER ON BANKRUPTCY P 1307.03 (15th ed. rev. 2007) (citing with disapproval those cases that restrict the debtor's absolute right to dismiss to cases in which no motion to convert is pending); *but see* 7 NORTON ON BANKRUPTCY § 148.4 (3d ed. 2008) (providing a more equivocal discussion of section 1307(b)).

### (b) Right to dismiss is absolute in the Second Circuit

As noted above, the law in the Second Circuit is that the right to dismiss a Chapter 13 bankruptcy is absolute. See In re Barbieri, supra.

At issue in Barbieri was whether 11 U.S.C. § 1307(b) of the Bankruptcy Code provides the debtor with an absolute right to dismiss a voluntary petition in Chapter 13 bankruptcy. Barbieri, 199 F.3d at 617. The Court of Appeals held it does and reversed the order of the District Court which had in turn affirmed the Bankruptcy Court's denial of the debtor's motion to dismiss and *sua sponte* conversion of the Chapter 13 case to Chapter 7. Id. at 619 ("a debtor has an absolute right to dismiss a Chapter 13 petition under § 1307(b), subject only to the limitation explicitly stated in that provision").

The Barbieri debtor had contracted to sell a building, then filed in Chapter 13, proposing a plan which would repudiate the contract and leave the purchaser with an unsecured claim for damages against the bankruptcy estate. The debtor then sought an order to permit the sale to another purchaser. At the hearing the Bankruptcy Court indicated its intention to convert the case to Chapter 7. The debtor's counsel then and there at the hearing moved to dismiss the chapter 13 petition voluntarily, but the court denied this under 11 U.S.C. § 105, deeming conversion to Chapter 7 more appropriate to allow the trustee to investigate the debtor's asset. On appeal, the District Court affirmed. Barbieri, 199 F.3d at 617-619.

The Court of Appeals for the Second Circuit, however, found the Debtor to have an absolute right to dismiss his Chapter 13 case based on the plain meaning of the statute and the legislative intent of Congress in making Chapter 13 a voluntary process.

The Second Circuit explained the plain meaning of Section 1307(b). If the debtor "at any time" moves to dismiss a case that has not been previously converted, the court "shall" dismiss the case. Barbieri, 199 F.3d at 619. The Second Circuit cited other U.S. Supreme Court decisions in finding that the word "shall" allowed a trial court no discretion. Id. (citing Anderson v. Yungkau, 329 U.S. 482, 485, 91 L. Ed. 436, 67 S. Ct. 428 (1947)) (analyzing the language of Fed. R. Civ. P. 25(a), and noting that "the word 'shall' is ordinarily the language of command" (internal quotation marks omitted)).

The Second Circuit reminded the lower courts of the importance of parsing statutory language--and of the significance of the statutory use of the word "shall" and the significance of its absence. Barbieri, 199 F.3d at 619-620. Indicating that the only exception arose upon a prior conversion, the Barbieri court declined to read the statute permissively.

11

The Second Circuit reasoned that a bankruptcy court's inherent § 105(a) equitable powers cannot be used by the court in contravention of the express statutory language of Section 1307(b). See Barbieri, 199 F.3d at 621 ("although § 105(a) grants a Bankruptcy Court broad powers, it does not authorize the Court to disregard the plain language of § 1307(b)").

The court found that it would be inappropriate to allow creditors to liquidate a debtor involuntarily without meeting the requirements of 11 U.S.C. § 303. See Barbieri, 199 F.3d at 620 ("Such result flies in the face of the voluntary nature of [Chapter 13] and circumvents the standards for an involuntary liquidation set forth in § 303") (citations omitted).

Stating several times that the purpose of the Code is to allow "honest but unfortunate debtors" a fresh start, the Second Circuit noted that other adequate safeguards already exist to prevent abuse, such as providing for sanctions under Bankruptcy Rule 11, conditioning dismissal pursuant to 11 U.S.C. § 349(b), allowing relief from the stay pursuant to 11 U.S.C. § 362(c), leaving the parties to State law remedies, providing for the filing of an involuntary bankruptcy petition under 11 U.S.C. § 303, or referring conduct to the United States Attorney's Office for potential prosecution for bankruptcy fraud. Barbieri, 199 F.3d at 621.

### (c) Right to dismiss not absolute

Some courts addressing this issue have reached the opposite conclusion. See In re Molitor, 76 F.3d 218, 220 (8th Cir. 1996) ("[T]o allow [the Debtor] to respond to a motion to convert by voluntarily dismissing his case with impunity would render section 1307(c) a dead letter and open up the bankruptcy courts to a myriad of potential abuses"); In re Graven, 936 F.2d 378, 385 (8th Cir. Mo. 1991) ("The broad purpose of the bankruptcy

code, including Chapter 12, is best served by interpreting subsection 1208(d) to allow a court to convert a case to Chapter 7 upon a showing of fraud even though the debtor has moved for dismissal under subsection (b)"); In re Gaudet, 132 B.R. 670, 676 (D.R.I. 1991) (Congress could not have intended to "give the debtor unfettered power to prevent conversion under § 1307(c) by simply filing a motion to dismiss whenever conversion was requested"); In re Tatsis, 72 B.R. 908, 909 (Bankr. W.D.N.C. 1987) ("The Court believes that the Debtors' right to dismiss the case automatically under Chapter 13 is limited when a motion to convert is pending").

These courts are generally based on the following arguments: (1) that since 11 U.S.C. § 1307(b) uses the word "request", the court must have discretion to dismiss or not; (2) that 11 U.S.C. § 1307(c) would be rendered a nullity if 11 U.S.C. § 1307(b) gives a debtor the absolute right to dismiss, because a debtor could always avoid conversion by simply asserting the right to dismiss; and (3) an absolute right to dismiss would allow the dishonest debtor to abuse the bankruptcy process. These arguments, however, do not authorize the subversion of the mandatory nature of the dismissal and the voluntary nature of Chapter 13 bankruptcies.

The first argument is that dismissal is not mandatory because dismissal must be "requested" by the debtor by motion pursuant to Rule 1017(f)(2). See, e.g., In re Graven, 936 F.2d at 386; In re Tatsis, 72 B.R. at 909. However, the fact that dismissal is not automatic, but on request made by the debtor, and the court must order it, does not mean that the court has discretion to limit it or deny it. Dismissal is one form of concluding a case and an order from the court is necessary to that effect. Besides, this is the opportunity for the court to corroborate the compliance with the requirement that the case has not been previously converted, as spelled out in 11 U.S.C. § 1307(b).

The second argument is that an absolute right to dismiss would render 11 U.S.C. 1307(c) meaningless as any motion to convert under that provision could be easily frustrated by the debtor's mere assertion of an absolute right to dismiss under Section 1307(b). Molitor, 76 F.3d at 220; In re Gaudet, 132 B.R. 676. The same is true in the opposite situation: a motion to convert under 11 U.S.C. § 1307(c) would render 11 U.S.C. § 1307(b) meaningless. As noted by the Second Circuit, the absolute right to convert under 11 U.S.C. § 1307(b) would nullify a creditor's right to seek a conversion under § 1307(c) "carries no weight since either party could make the same argument". Barbieri, 199 F.3d at 620 (citing Patton, 209 B.R. at 100); see also In re Harper-Elder, 184 B.R. at 406 (any requirement that the debtor's case will be dismissed only if it is in the best interest of creditors and the estate "would render subsection (b)'s lack of restriction absolutely meaningless, which is contrary to traditional statutory interpretation").

Courts adopting the argument that 11 U.S.C. § 1307(c) somehow "trumps" 11 U.S.C. § 1307(b) assume that the debtor merely filed in bad faith. However, not all debtors will opt for having their Chapter 13 case dismissed in response to a prior motion to convert.

Moreover, if the filing was for an improper purpose, then the Bankruptcy Code offers alternative legal tools to counter such purpose. There is no need to abrogate the clear command from Congress.

In effect, the Bankruptcy Code offers the means to protect the court from abuse thereby addressing the concerns presented by courts adopting the third argument (that an absolute right to dismiss would allow the dishonest debtor to abuse the bankruptcy process). Notwithstanding a debtor's voluntary dismissal of a Chapter 13 petition, 11 U.S.C. § 349(a) allows the court to dismiss a case with prejudice to refiling where cause is

shown. See, e.g., Barbieri, 199 F.3d at 621; In re Graffy, 216 B.R. 888, 891-92 (Bankr. M.D. Fla. 1998); In re Greenberg, 200 B.R. at 770.

11 U.S.C. 349(b)(3) empowers the court to continue controlling property of the estate if that is necessary to protect parties after dismissal of the case. Moreover, the court has the power, in appropriate cases, to impose sanctions. See Fed. R. Bankr. P. 9011(c). Barbieri, 199 F.3d at 621. Furthermore, by voluntarily dismissing a Chapter 13 petition, the debtor "indicates that he is prepared to limit his rights and remedies to those available in state court. Creditors will be free to pursue any cause of action they might have had under the Bankruptcy Code in state forums immediately upon dismissal of these proceedings for [the] reason that the automatic stay no longer remains in effect". Hearn, 18 B.R. at 606 quoted in Barbieri, 199 F.3d at 621.

While some courts have expressed concern about the possible misuse of a Chapter 13 to delay the creditor's action by operation of the automatic stay, e.g. see In re Cobb, 2000 U.S. Dist. LEXIS 198 (E.D. La. 2000) (citing Molitor, 76 F.3d at 220), the fact remains that the stay only affords a temporary relief and the Bankruptcy Code provides for quick relief from the stay. See 11 U.S.C. 362(d) (providing for relief from the stay), (e) (providing for termination of stay under), and (f) (providing for temporary relief from stay to prevent irreparable damage).

In sum, there is no need to alter the plain meaning of 11 U.S.C. § 1307(b) to address possible misconduct by the debtor.

### (d) Marrama is not dispositive

Most recently, the Ninth Circuit in In re Rosson, 545 F.3d 764 (9th Cir. 2008) addressed the issue of whether the right to dismiss under 11 U.S.C. § 1307(b) is absolute. In Rosson, before the court filed its own formal conversion order, the debtor invoked his

right to voluntary dismiss his Chapter 13 petition under § 1307(b). On appeal, the debtor argued that 11 U.S.C. § 1307(b) afforded him an absolute right to voluntarily dismiss his Chapter 13 case at any time prior to the filing of the conversion order. The Ninth Circuit held that a debtor's right to voluntarily dismiss a Chapter 13 case was not absolute, but was qualified by an implied exception for bad-faith conduct or abuse of the bankruptcy process. Rosson, 545 F.3d at 767.

The Rosson court recognized that its circuit's Bankruptcy Appellate Panel (BAP) adopted the "absolute right" approach in Beatty. See In re Beatty, 122 B.R. at 857 ("The better reasoned view is that a court must dismiss the case upon the debtor's request for dismissal under section 1307(b) if that request is made prior to the... [formal] order converting the case to Chapter 7"); see also In re Croston, 313 B.R. 447, 451 (B.A.P. 9th Cir. 2004) (reaffirming and following Beatty). Rosson, 545 F.3d at 772.

The Ninth Circuit, however, interpreted that after the Supreme Court decision in Marrama v. Citizens of Massachusetts, 549 U.S. 365, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007) the "'absolute right' position is no longer viable". Rosson, 545 F.3d at 772.

In Marrama the Supreme Court Court determined that a debtor did not have an absolute right to convert his chapter 7 bankruptcy case to a chapter 13 proceeding under 11 U.S.C. § 706(a) of the Code when implications of bad faith actions on the part of the debtor were apparent. The court reasoned that "the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process' described in 11 U.S.C. § 105(a) of the Bankruptcy Code is surely adequate to authorize an immediate denial of a motion to convert filed under Section 706 in lieu of a conversion order that merely postpones the allowance of equivalent relief and may provide a debtor with an opportunity to take action prejudicial to creditors". Marrama, 127 S. Ct. at 1112.

16

Case 8-09-70716-reg    Doc 20    Filed 05/05/09    Entered 05/05/09 14:09:10

According to the Ninth Circuit in <u>Marrama</u>, the Supreme Court rejected the analysis that the BAP applied in <u>Croston</u>--the case that followed and reaffirmed <u>Beatty</u>--and implicitly abrogated <u>Beatty</u> as well. <u>Rosson</u>, 545 F.3d at 772.

The reasoning in <u>Rosson</u> is flawed. <u>Marrama</u> is distinguishable from this case inasmuch as <u>Marrama</u> concerns a conversion of a Chapter 7 case under 11 U.S.C. § 706(a) and this case concerns a dismissal of a Chapter 13 case under § 1307(b). See <u>In re Campbell</u>, 2007 Bankr. LEXIS 4159 (Bankr. N.D. W. Va. 2007) (quoting <u>In re Davis</u>, 2007 Bankr. LEXIS 1751 at *5 (Bankr. M.D. Fla. 2007) ("[T]he <u>Marrama</u> decision is not applicable, as the sole issue in the instance case is Mrs. Davis' absolute right to dismiss the Chapter 13 case as to herself, under 11 U.S.C. § 1307(b)").

11 U.S.C. § 706(a) contains permissive language when it provides that a "debtor <u>may</u> convert a case under [chapter 7] to a case under chapter 13...at any time..." (emphasis added). 11 U.S.C. § 706(a). Here, the applicable statute is 11 U.S.C. § 1307(b) which explicitly and unambiguosly mandates dismissal when it provides that "the court <u>shall</u> dismiss a case" (emphasis added) on request of the debtor. 11 U.S.C. § 1307(b). "When the same provision uses both 'may' and 'shall' the normal inference is that each is used in its usual sense--the one act being permissive, the other mandatory". <u>In re Barbieri</u>, 199 F.3d 616, 620 (2nd Cir. 1999) (citing <u>Anderson v. Yungkau</u>, 329 U.S. 482, 91 L. Ed. 436, 67 S. Ct. 428 (1947)).

Moreover, in <u>Marrama</u> the relief under 11 U.S.C. § 706(a) sought by the debtor was different from the relief sought under 11 U.S.C. § 1307(b). While in <u>Marrama</u> the Court was concerned about abuse of the process by a debtor who continues in bankrutpcy (although under another chapter), that concern does not exist where, as here, dismissal, as opposed to conversion, is the relief sought.

17

Under 11 U.S.C. § 706(a) the debtor seeks to enter one type of bankruptcy, whereas under 11 U.S.C. § 1307(b) the debtor seeks the opposite, that is, to exit his or her voluntary bankruptcy. The Supreme Court simply denied the conversion option. Denying an option of continuing in Chapter 13 is not the same as denying the right to terminate a Chapter 13 voluntary bankruptcy. The voluntary nature of Chapter 13 was emphasized by the Supreme Court in relation to avoiding the possibility of involuntary servitude. See <u>Toibb v. Radloff</u> 501 U.S. 157, 165-66, 111 S. Ct. 2197, 115 L. Ed. 2d 145 (1991) (noting Congress' concern about imposing involuntary servitude on a Chapter 13). See <u>In re Polly</u>, 392 B.R. at 246-247 (distinguishing <u>Marrama</u> in these and other respects).

In short, there is nothing in <u>Marrama</u> authorizing a departure from the clear language of 11 U.S.C. § 1307(b). To the contrary, <u>Marrama</u> is entirely consistent with the application of 11 U.S.C. § 1307(b) according with its plain meaning.

## V. CONCLUSION

Based on a review of the Code, relevant legislative history, the policies underlying chapter 13 and the case law, it is respectfully submitted that 11 U.S.C. § 1307(b) provides a chapter 13 debtor with an absolute right to dismiss his or her case at any time, even if a motion to convert the case to a chapter 7 is pending.

LESTER & ASSOCIATES, P.C.

Roy J. Lester

_____
By: Roy J. Lester
600 Old Country Road, Suite 229
Garden City, NY 11530
516-357-9191

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:

    Nancy C. Armstrong

                    Case No. 09-70716-reg

            Debtor.                    Chapter 13
-------------------------------------------------------------X

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK)
                ) SS.:
COUNTY OF NASSAU )

    I, REGINA MONGELLI, being duly sworn, depose and say:

    1. That I am not a party to the action, and I am over eighteen years of age and reside in Mineola, New York.

    2. That on the 5th day of May, 2009, I served a copy of a BRIEF OF AMICUS CURIAE by depositing a true copy thereof in an official depository of the United States Postal Service contained in a securely closed post-paid envelope directed to the following person by First Class Mail at the address designated below which is the last known address of the addressee and enclosed in- an envelope containing name and return address of the party effecting service to:

Office of the United States Trustee        Michael Macco, Esq.
Long Island Federal Courthouse           Chapter 13 Trustee
560 Federal Plaza - Room 560             135 Pinelawn Road – Suite 120 South
Central Islip, NY 11722-4437              Melville, New York 11747

Ronald D Weiss, Esq.
Attorney for Debtor
734 Walt Whitman Road
Suite 203
Melville, NY 11747

                                                     s/ Regina Mongelli
                                                     _____
                                                     REGINA MONGELLI

Sworn to before me this
5th day of May, 2009

s/ Roy J. Lester
_____
Notary Public

              ROY J. LESTER
     Notary Public, State Of New York
           No.30-4841129
      Qualified In Nassau County
Commission Expires September 30, 2009

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Case No. 09-70716<br>Chapter 13 |

In Re:

NANCY C. ARMSTRONG

Debtor.

## BRIEF OF AMICUS CURIAE

**LESTER & ASSOCIATES, P.C.**
**600 OLD COUNTRY ROAD**
**SUITE 229**
**GARDEN CITY, NY 11530**
**(516) 357-9191**

To
Attorney(s) for

Service of a copy of the within
                        is hereby
admitted.
Dated,

Attorney(s) for

---

Sir: Please take notice
NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                              20

NOTICE OF SETTLEMENT
that an order
          of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within named Court, at                    on the                day of,            20
at                                                                                          Dated: